UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL ALLEN RODGERS,

    Petitioner,

v.                                                    Case No. 3:21-cv-1020-MMH-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY GENERAL,

    Respondents.

## ORDER

### I. Status

Petitioner Michael Allen Rodgers, an inmate of the Florida penal system, initiated this action on October 7, 2021,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Rodgers challenges a 2013 state court (Duval County, Florida) judgment of conviction for armed robbery, armed burglary, kidnapping with a firearm, possession of a firearm by a juvenile delinquent found to have committed a felony, grand theft auto, and child abuse. He raises two grounds for relief. See Petition at 5–8. Respondents have submitted a response, arguing that the Petition is untimely.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

See Motion to Dismiss Untimely Petition (Response; Doc. 5). They also submitted exhibits. See Docs. 5-1 through 5-28. Rodgers has chosen to not file a reply brief. See Notice (Doc. 8). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Rodgers has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 6–11. The following procedural history is relevant to the one-year limitations issue. On August 30, 2010, the State of Florida charged Rodgers by information with one count of armed robbery, one count of armed burglary, five counts of kidnapping with a firearm, one count of possession of a firearm by a juvenile delinquent found to have committed a felony, one count of grand theft auto, and three counts of child abuse. Doc. 5-1 at 51–53. On March 20, 2012, Rodgers entered a guilty plea, but reserved the right to appeal the circuit court's denial of his motion to suppress. Doc. 5-1 at 65. On January 18, 2013, the circuit court

3

adjudicated him guilty of the charges in all twelve counts and sentenced him to a term of imprisonment of twenty-five years with a ten-year minimum mandatory sentence as to counts one through seven, to run concurrent with a term of imprisonment of fifteen years as to count eight and the terms of five years as to counts nine through twelve. Doc. 5-1 at 67–75.

On February 6, 2013, Rodgers appealed to the Florida First District Court of Appeal (First DCA).[3] Doc. 5-1 at 83, 96. On April 30, 2013, the First DCA dismissed Rodgers's appeal after his appellate counsel filed a notice of voluntary dismissal. Doc. 5-3 at 2; Doc. 5-4 at 2. However, the First DCA reinstated the appeal on August 23, 2013, per curiam affirmed Rodgers's conviction and sentence without a written opinion on October 6, 2014, and issued the mandate on November 3, 2014, see Rodgers v. State, 150 So. 3d 1140 (Fla. 1st DCA 2014) (Table) (1D13-0679). Doc. 5-5 at 2; Doc. 5-8 at 2; Doc. 5-9 at 2. On August 15, 2017, Rodgers submitted a pro se motion to withdraw the mandate, which the First DCA denied on August 22, 2017. Doc. 5-10 at 2–7; Doc. 5-11 at 2.

---

[3] On February 6, 2013, during the pendency of his direct appeal, Rodgers filed a motion to reduce or modify sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), which the circuit court denied on February 13, 2013. Doc. 5-1 at 82, 98.

Previously, on September 11, 2015, Rodgers submitted for mailing his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the circuit court summarily denied on August 26, 2016. Doc. 5-14 at 5–26, 40–46. The First DCA per curiam affirmed the denial without a written opinion on March 21, 2017, and issued the mandate on April 18, 2017, see Rodgers v. State, 224 So. 3d 216 (Fla. 1st DCA 2017) (Table) (1D16-4313). Doc. 5-16 at 2; Doc. 5-17 at 2.

On November 3, 2016, Rodgers submitted for mailing a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which the circuit court denied on July 3, 2017. Doc. 5-18 at 5–12, 72–75. The First DCA per curiam affirmed the denial without a written opinion on November 21, 2017, and issued the mandate on December 19, 2017, see Rodgers v. State, 237 So. 3d 264 (Fla. 1st DCA 2017) (Table) (1D17-3063). Doc. 5-20 at 2; Doc. 5-21 at 2.

On December 13, 2017, Rodgers submitted for mailing a second 3.850 motion, which the circuit court dismissed as untimely on July 28, 2020. Doc. 5-22 at 5–22, 79–81. The First DCA per curiam affirmed the dismissal without a written opinion on December 17, 2020, and issued a separate order stating that the appeal raised frivolous claims and directing that the order be forwarded to

the institution for disciplinary proceedings. Doc. 5-24 at 2; Doc. 5-25 at 2. Rodgers moved for rehearing/clarification, which the First DCA denied on March 29, 2021. Doc. 5-26 at 2–8; Doc. 5-27 at 2. The First DCA issued the mandate on April 19, 2021. See Rodgers v. State, 313 So. 3d 1146 (Fla. 1st DCA 2021) (Table) (1D20-2460); see also Doc. 5-28 at 2. On October 7, 2021, Rodgers submitted the instant Petition to prison officials for mailing. Doc. 1 at 15.

As Rodgers's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance issued without a written opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Rodgers's convictions and sentences became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Rodgers to file a petition for writ of certiorari expired on Monday, January 5, 2015, because the 90th day fell on a Sunday (October 6, 2014 + 90 days = Sunday, January 4, 2015). See Fed. R. Civ. P. 6(a)(1)(C); Chavers v. Sec'y, Fla. Dep't of Corrs., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per

curiam decision). When Rodgers did not file a petition for writ of certiorari, his judgment and sentence became final on Tuesday, January 6, 2015. The next day, Wednesday, January 7, 2015, the one-year statute of limitations began to run and Rodgers had until Thursday, January 7, 2016, to file a federal habeas petition. He did not file his Petition until October 7, 2021. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.[4]

Rodgers's first 3.850 motion, which he submitted for mailing on Friday, September 11, 2015, tolled the one-year limitation period until the First DCA issued the mandate on April 18, 2017. From January 7, 2015 until September 11, 2015, Rodgers had used up 247 days of his 365 days, which left him with 118 days to file his Petition (365 days – 247 days = 118 days). Rodgers submitted his 3.800 motion for mailing on November 3, 2016, which further tolled the limitations period until the First DCA issued the mandate on

---

[4] Rodgers's August 15, 2017 motion to withdraw the mandate, which was filed over two years after the mandate, in which he asked the First DCA to withdraw and reissue its mandate so that Rodgers could file for writ of certiorari with the Supreme Court of the United States, did not toll the limitations period or otherwise affect the timeliness of his Petition. As the Eleventh Circuit held, "the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)." Chavers v. Sec'y, Fla. Dep't of Corrs., 468 F.3d 1273, 1275 (11th Cir. 2006) (per curiam).

7

Tuesday, December 19, 2017. The limitations period began to run again on Wednesday, December 20, 2017 (the day after the mandate was issued) and ran until it expired on Tuesday, April 17, 2018 (December 20, 2017 + 118 days = April 17, 2018). Rodgers did not file his Petition until October 7, 2021.

The Court notes that Rodgers's second 3.850 motion, which he provided for mailing on December 13, 2017, did not toll the limitations period because the court dismissed the motion as untimely. Since the circuit court dismissed the motion as untimely, it was not a "properly filed" motion, and thus did not statutorily toll the one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 414, 417 (2005) (holding that when a state court rejects a post-conviction motion as untimely under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)," meaning that the motion is not "properly filed" and petitioner is not entitled to statutory tolling); Jones v. Sec'y, Fla. Dep't of Corrs., 906 F.3d 1339, 1350 (11th Cir. 2018) (deferring to the state court's ruling that a Rule 3.850 motion was untimely and thus finding that the motion was not "properly filed" and did not toll AEDPA's one-year limitations period); Webster v. Moore, 199 F.3d 1256, 1257–59 (11th Cir. 2000) (per curiam) (finding that a Rule 3.850 motion that the state court dismissed as untimely was not "properly filed" within the meaning of § 2244(d)(2) so as to entitle

8

petitioner to statutory tolling and explaining that a federal court must give due deference to a state court's application of state filing deadlines in the context of § 2244(d)(2)); Foley v. Sec'y, Fla. Dep't of Corrs., No. 3:19-cv-986-TJC-PDB, 2021 WL 4690668, at *3 (M.D. Fla. Oct. 7, 2021)[5] (deferring to a state court's ruling that a 3.850 motion was untimely and thus not "properly filed" for purposes of tolling the AEDPA limitations period).[6] However, even assuming that Rodgers's December 13, 2017 post-conviction motion tolled the limitations period until the First DCA issued the mandate on April 19, 2021, the current Petition, filed on October 7, 2021, would still be untimely because he did not file it by Monday, August 16, 2021 (Tuesday, April 20, 2021 + 118 days = Monday, August 16, 2021).

Because the Petition is untimely filed, it is due to be dismissed unless Rodgers can establish either equitable tolling or actual innocence. Rodgers

---

[5] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[6] The fact that the circuit court also considered the merits of Rodgers's second 3.850 motion does not affect the Court's conclusion. See Jones v. Sec'y, Fla. Dep't of Corrs., 906 F.3d 1339, 1346 n.3 (11th Cir. 2018) (citing Carey v. Saffold, 536 U.S. 214, 226 (2002), for the proposition that if a state court finds a post-conviction motion to be untimely, that finding conclusively resolves the issue "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits").

does not argue that he is entitled to equitable tolling and there are no allegations that would support due diligence or extraordinary circumstances beyond his control. See Holland v. Florida, 560 U.S. 631, 649 (2010); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does he claim actual innocence as a gateway to federal habeas review. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### IV. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Rodgers seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Rodgers "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 5) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Rodgers appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending

11

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of December, 2024.

**MARCIA MORALES HOWARD**
Chief United States District Judge

Jax-11 11/25
c: Michael Allen Rodgers, #J46971
　　Counsel of Record

12